IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA HELM<br>　　　Plaintiff<br><br>v.<br><br>GREATER HOUSTON SUBWAY<br>　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>CIVIL ACTION NO. 4:19-cv-04073<br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Melissa Helm, and files this Original Complaint, complaining of Greater Houston Subway ("Subway" or "Defendant") and for her cause of action, shows the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, economic damages, compensatory damages, punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and prejudgment and post-judgment interest for Defendant's violations of Title VII.

2. Plaintiff alleges that she is being subjected to sexual harassment, as well as retaliation because of her complaints of sexual harassment, in violation of Title VII.

3. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

4. Melissa Helm, is a resident of Harris County, Texas.

5. Defendant, Greater Houston Subway, is a Texas entity doing business in the State of Texas. Defendant may be served with a Summons and Complaint through its registered agent for service at 750 Hwy 6 South, Houston, Texas 77079.

6. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

7. This action is brought pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*

8. This Court has subject matter jurisdiction over all claims in this action under 28 U.S.C. §§ 1331 and 1367.

9. This Court has personal jurisdiction over Defendant since Defendant is actively engaged in business in Texas.

10. Defendant has sufficient minimum contacts with Texas to establish both specific and general jurisdiction over them in Texas.

11. Venue is proper in this District since the substantial part, if not all, of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## IV.
## PROCEDURAL REQUISITES

12. On or about January 10, 2017, Plaintiff filed a charge of sex discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division.

13. On or about July 19, 2019, the EEOC issued a Notice of Right to Sue on the Charge of Discrimination filed by Plaintiff.

14. This lawsuit has been filed within 90 days of Plaintiff's receipt of the Right to Sue issued by the EEOC.

15. All conditions precedent to the filing of this suit have been met.

## V.
## FACTS

16. Plaintiff began working for Defendant in August 2016.

17. On or about November 5 and November 12, 2016, Plaintiff was subjected to sexual harassment on two different occasions by Miguel Rosales, Area Supervisor for Subway.

18. Rosales would sometimes get inebriated on the job and sexually harass Plaintiff both one on one and in front of other employees.

19. During Plaintiff's employment, Rosales offered Plaintiff money in exchange for sexual favors.

20. Rosales also asked Plaintiff inappropriate sexual questions in front of other employees.

21. Plaintiff did not respond to Rosales' inappropriate sexual questions.

22. Rosales also walk towards the bathroom and often motioned for Plaintiff to follow him.

23. By his inappropriate conduct, Rosales made Plaintiff extremely uncomfortable, and apprehensive in the workplace.

24. Rosales' conduct toward Plaintiff interfered with her ability to do her job, and created a hostile work environment for Plaintiff.

25. In addition to sexually harassing Plaintiff, on another occasion, Rosales displayed a loaded gun to Plaintiff and another employee.

26. On November 15, 2016, Plaintiff had a meeting scheduled with the Manager as well as the Head of Human Resources for Subway in order for Plaintiff to voice her complaint about Rosales' conduct toward her.

27. After the meeting was scheduled, the Head of Human Resources invited Rosales to join the meeting.

28. The Head of Human Resources told Plaintiff that it was standard procedure for the complainant to sit face to face with the perpetrator.

29. The meeting was held at a booth in front of customers instead of at a discrete location.

30. During the meeting, Plaintiff provided a detailed chronology of the misconduct displayed toward her by Rosales.

31. In response to the chronology provided by Plaintiff, during the meeting, Rosales admitted to sexually harassing Plaintiff.

32. At the end of the meeting, Rosales was terminated for his misconduct.

33. On November 22, 2016, Plaintiff was transferred to another location.

34. Shortly after Plaintiff arrived at work at her new location, she was informed that Rosales was working at that location, and had just been at the location making a repair to an

oven.

35. Plaintiff reported to Human Resources Rosales had been working at Plaintiff's location and expressed to him that she did not feel comfortable working with Rosales.

36. Plaintiff then requested to be transferred to another location.

37. Defendant agreed to transfer Plaintiff to another location and discussed a few locations where Plaintiff could work without having to interact with Rosales.

38. However, after her discussion with Human Resources, Plaintiff never received a follow up phone call telling her which location to report to.

39. After Plaintiff did not hear back from Human Resources, on December 19, 2016, Plaintiff reached out to her previous manager to try to obtain her work schedule.

40. However, Plaintiff was told that she needed to speak with Human Resources and that he would be out of the country for three weeks.

41. Plaintiff contacted Human Resources but she never received a response.

42. After her discussion with Human Resources, Plaintiff never received the identity of the location where she was supposed to work.

43. After her discussion with Human Resources, Defendant refused to schedule Plaintiff for work.

## VI.
## GENDER DISCRIMINATION

44. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

45. Plaintiff is female and within a class protected by Title VII.

46. As described above, during her employment, Plaintiff was subjected to different terms and conditions of employment by Defendant because of her gender.

47. During her employment, Plaintiff was subjected to disparate treatment because of her gender.

48. Direct and/or circumstantial evidence exists showing that Defendant intended to discriminate against Plaintiff because of her gender, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*.

49. As a result of Defendant's actions, Plaintiff has suffered loss of wages, as well as emotional pain, mental anguish, and suffering.

50. Additionally, the aforementioned action was done willfully or with reckless disregard for the federally protected rights of the Plaintiff.

51. Plaintiff seeks all available damages from Defendant that are allowed under the relevant statutes.

52. Plaintiff also demands attorney's fees, expert witness fees, pre-judgment and post-judgment interest, costs of court, and any other damages allowed.

## VII.
## RETALIATION

53. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

54. As described above, Plaintiff was subjected to different terms and conditions of employment by Defendant because of her complaint of gender discrimination made during her employment.

55. Direct and/or circumstantial evidence exists showing that Defendant intended to retaliate against Plaintiff because of her gender discrimination complaint, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*.

56.     As a result of Defendant's actions, Plaintiff has suffered loss of wages, as well as emotional pain, mental anguish, and suffering.

57.     Plaintiff seeks all available damages from Defendant that are allowed under the relevant statutes.

58.     Plaintiff also demands attorney's fees, expert witness fees, pre-judgment and post-judgment interest, costs of court, and any other damages allowed.

## VIII.
## DAMAGES

59.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

60.     Plaintiff seeks all available damages from Defendant that are allowed under the relevant statutes.

61.     Plaintiff also demands attorney's fees, expert witness fees, pre-judgment and post-judgment interest, costs of court, and any other damages allowed.

## IX.
## JURY DEMAND

62.     Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## X.
## RELIEF REQUESTED

63.     Plaintiff respectfully prays that she be granted judgment for the following relief:

   a.   For actual and compensatory damages for the period of time provided by law, including appropriate backpay or other compensation, and reimbursement for lost pension, insurance, and all other benefits;

   b.   For compensatory damages and other damages as allowed by law;

   c.   For attorneys' fees;

  d.  For expert witness fees incurred in the preparation and prosecution of this action;

  e.  For pre-judgment and post-judgment interest as allowed by law;

  f.  For costs of court, costs of prosecuting this claim; and

  g.  For such other and further relief to which Plaintiff may be entitled under the relevant statutes or justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that after trial by jury she be awarded the relief requested above, and any other such further relief whether at law or in equity to which she may show herself justly entitled.

Respectfully submitted,

THE AHMAD LAW FIRM

/s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
Nasim931@gmail.com
719 Sawdust, Suite 330
The Woodlands, Texas 77380
Telephone: (832) 767-3207
Telecopier: (281) 864-4379

ATTORNEYS FOR PLAINTIFF
MELISSA HELM