IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA HELM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 04:19-cv-04073 |
| | § | |
| GREATER HOUSTON SUBWAY AND | § | |
| NEW VAN DAN ENTERPRISES, INC. | § | |
| D/B/A GREATER HOUSTON SUBWAY | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT GREATER HOUSTON SUBWAY'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Greater Houston Subway ("GHS" or "Defendant Subway") answers Plaintiff Melissa Helm's First Amended Complaint ("First Amended Complaint") as follows:

**I.**

**ANSWER**

1. Defendant admits the allegations in Paragraph 1 of the First Amended Complaint to the extent that they describe the nature of Plaintiff's lawsuit. Defendant denies the allegations in this paragraph with regard to their substance and/or validity.

2. Defendant denies the allegations in Paragraph 2 of the First Amended Complaint to the extent that they identify what Plaintiff alleges.

3. Defendant admits the allegations in Paragraph 3 of the First Amended Complaint to the extent that they describe Plaintiff's demand for a jury trial.

4. Defendant admits the allegations in Paragraph 4 of the First Amended Complaint.

5. Defendant admits the allegations in Paragraph 5 of the First Amended Complaint.

6. Defendant denies that New Van Dan Enterprises ("NVDE") has done business as

"Greater Houston Subway." Defendant denies that NVDE is a proper defendant regarding Plaintiff's causes of action. Defendant admits the allegations in Paragraph 6 of the First Amended Complaint with regard to NVDE being a Texas corporation and how it may be served.

7. Defendant denies the allegations in Paragraph 7 of the First Amended Complaint, as among other things, Plaintiff contends that Defendant and NVDE can be treated as the same entity and that their actions and obligations are interchangeable though they are two separate entities.

8. Defendant admits the allegations in Paragraph 8 of the First Amended Complaint.

9. Defendant admits the allegations in Paragraph 9 of the First Amended Complaint.

10. Defendant admits the allegations in Paragraph 10 of the First Amended Complaint.

11. Defendant admits the allegations in Paragraph 11 of the First Amended Complaint.

12. Defendant admits the allegations in Paragraph 12 of the First Amended Complaint.

13. Defendant admits the allegations in Paragraph 13 of the First Amended Complaint.

14. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 14 of the First Amended Complaint, and on that basis denies these allegations.

15. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 15 of the First Amended Complaint, and on that basis denies these allegations.

16. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 16 of the First Amended Complaint, and on that basis denies these allegations.

17. Defendant admits the allegations in Paragraph 17 of the First Amended Complaint as they pertain to GHS. Defendant denies the allegations in this Paragraph to the extent that they are directed to NVDE.

18. Defendant admits that Miguel Rosales at one time held the position of Area

Supervisor for GHS. Defendant denies the remaining allegations in Paragraph 18 of the First Amended Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the First Amended Complaint.

20.    Defendant denies the allegations in Paragraph 20 of the First Amended Complaint.

21.    Defendant denies the allegations in Paragraph 21 of the First Amended Complaint.

22.    As Defendant denies the allegations in Paragraph 21, it also denies the allegations in Paragraph 22 of the First Amended Complaint.

23.    Defendant denies the allegations in Paragraph 23 of the First Amended Complaint.

24.    As Defendant denies the allegations in Paragraph 21, Defendant denies the allegations in the first phrase of Paragraph 24 of the First Amended Complaint. Defendant admits that Plaintiff reported to Defendant for the first time on or about November 15, 2016 that Mr. Rosales had engaged in harassing actions towards her.

25.    Defendant denies the allegations in Paragraph 25 of the First Amended Complaint.

26.    Defendant denies the allegations in Paragraph 26 of the First Amended Complaint.

27.    Defendant admits the allegations in Paragraph 27 of the First Amended Complaint.

28.    Defendant denies the allegations in Paragraph 28 of the First Amended Complaint.

29.    Defendant denies the allegations in Paragraph 29 of the First Amended Complaint.

30.    Defendant admits that the November 15, 2016 meeting with Defendant's Head of Human Resources took place in a booth.  Defendant denies that the meeting was held "in front of customers" as alleged in Paragraph 30 of the First Amended Complaint.

31.    Defendant admits that Plaintiff described Mr. Rosales' purported misconduct in the November 15th meeting as alleged in Paragraph 31 of the First Amended Complaint. Defendant denies the allegations in Paragraph 31 to the extent that Plaintiff's description is true and/or

accurate.

32. Defendant denies the allegations in Paragraph 32 of the First Amended Complaint.

33. Defendant admits that it terminated Mr. Rosales' employment with GHS. Defendant denies the timing or reasons for its termination of Mr. Rosales as alleged in Paragraph 33 of the First Amended Complaint.

34. Defendant admits the allegations in Paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of the First Amended Complaint.

36. Defendant admits the allegations in Paragraph 36 of the First Amended Complaint.

37. Defendant admits the allegations in Paragraph 37 of the First Amended Complaint.

38. Defendant admits that it agreed to transfer Plaintiff to another location as alleged in Paragraph 38 of the First Amended Complaint. Defendant denies the remaining allegations in that Paragraph.

39. Defendant denies the allegations in Paragraph 39 of the First Amended Complaint.

40. Defendant admits that Plaintiff contacted one of its managers in December 2016 as alleged in Paragraph 40 of the First Amended Complaint. Defendant denies the remaining allegations in this Paragraph.

41. Defendant admits that Plaintiff was directed to speak with Human Resources as alleged in Paragraph 41 of the First Amended Complaint. Defendant denies the remaining allegations in this Paragraph.

42. Defendant denies the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the First Amended Complaint.

45. Paragraph 45 of the First Amended Complaint is an incorporation paragraph and

Defendant admits and/or denies the allegations in the incorporated paragraphs as specifically noted above.

46. Defendant admits the allegations in Paragraph 46 of the First Amended Complaint.

47. Defendant denies the allegations in Paragraph 47 of the First Amended Complaint.

48. Defendant denies the allegations in Paragraph 48 of the First Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the First Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the First Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of the First Amended Complaint.

52. Defendant admits the allegations in Paragraph 52 of the First Amended Complaint to the extent that they describe the damages Plaintiff is seeking, but denies the allegations to the extent that they describe to what she is entitled to recover.

53. Defendant admits the allegations in Paragraph 53 of the First Amended Complaint to the extent that they describe the damages Plaintiff is seeking, but denies the allegations to the extent that they describe to what she is entitled to recover.

54. Paragraph 54 of the First Amended Complaint is an incorporation paragraph and Defendant admits and/or denies the allegations in the incorporated paragraphs as specifically noted above.

55. Defendant denies the allegations in Paragraph 55 of the First Amended Complaint.

56. Defendant denies the allegations in Paragraph 56 of the First Amended Complaint.

57. Defendant denies the allegations in Paragraph 57 of the First Amended Complaint.

58. Defendant admits the allegations in Paragraph 58 of the First Amended Complaint to the extent that they describe the damages Plaintiff is seeking, but denies the allegations to the extent that they describe to what she is entitled to recover.

59. Defendant admits the allegations in Paragraph 59 of the First Amended Complaint to the extent that they describe the damages Plaintiff is seeking, but denies the allegations to the extent that they describe to what she is entitled to recover.

60. Paragraph 60 of the First Amended Complaint is an incorporation paragraph and Defendant admits and/or denies the allegations in the incorporated paragraphs as specifically noted above.

61. Defendant admits the allegations in Paragraph 61 of the First Amended Complaint to the extent that they describe the damages Plaintiff is seeking, but denies the allegations to the extent that they describe to what she is entitled to recover.

62. Defendant admits the allegations in Paragraph 62 of the First Amended Complaint to the extent that they describe the damages Plaintiff is seeking, but denies the allegations to the extent that they describe to what she is entitled to recover.

63. Defendant admits the allegations in Paragraph 63 of the First Amended Complaint to the extent that they describe Plaintiff's demand for a jury trial.

64. Defendant admits the allegations in Paragraph 64 of the First Amended Complaint to the extent

## II.
## DEFENSES

1. Plaintiff has not timely met all the prerequisites for being able to assert her claims.

2. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that all employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's sex or in retaliation for having engaged in protected activity.

3. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that it did not discriminate against Plaintiff because of her sex. Furthermore, Defendant had no intent or purpose to discriminate because of her sex.

4. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that if any improper, illegal, or discriminatory act were taken by any employee of Defendant against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and/or was not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

5. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that if any improper, illegal, or discriminatory actions by any employees of Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

6. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that Plaintiff is not entitled to an award of compensatory damages under Title VII, unless she can prove that Defendant engaged in unlawful and intentional discrimination.

7. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that Plaintiff is not entitled to an award of punitive damages under Title VII, unless she can prove that Defendant engaged in a discriminatory practice with malice or reckless indifference to Plaintiff's federally protected rights.

8. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that Plaintiff should be required to show that she is entitled to exemplary or punitive damages by a burden of proof of clear and convincing evidence.

9. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that Plaintiff's damages under Title VII, the entitlement to which is expressly denied, are statutorily capped.

10. Subject to and without waiving any other defenses to which Defendant is entitled to assert, Defendant asserts that, without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, if any, Plaintiff has failed to mitigate or minimize the alleged damages. To the extent Plaintiff has mitigated her damages, Defendant is entitled to offset those amounts she has earned.

11. Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Greater Houston Subway requests that the Court dismiss Plaintiff's First Amended Complaint against it with prejudice and render judgment that Plaintiff takes nothing against Defendant GHS pursuant to her First Amended Complaint. Defendant further respectfully requests that the Court award Defendant all further relief at law and equity to which it is entitled.

Respectfully submitted,

LAW OFFICE OF DAVID J. QUAN

By:     */s/ David J. Quan*
       David J. Quan
       State Bar No. 16422300
       S.D. Texas No. 20073
       5444 Westheimer Road #1750
       Houston, Texas 77056
       Telephone:  (713) 225-5300
       Facsimile:   (713) 625-9222
       E-mail: dquan@davidquanlaw.com

ATTORNEY FOR DEFENDANT
GREATER HOUSTON SUBWAY

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument has been filed electronically with the Southern District of Texas, on this the 23rd day of July 2020, and accordingly, electronic notice of this filing will be sent to all attorneys of record.

       */s/ David J. Quan*
       David J. Quan