IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA HELM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 04:19-cv-04073 |
| | § | |
| GREATER HOUSTON SUBWAY AND | § | |
| NEW VAN DAN ENTERPRISES, INC. | § | |
| D/B/A GREATER HOUSTON SUBWAY | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   Nasim Ahmed for Plaintiff Melissa Helm.
   David J. Quan for Defendants Greater Houston Subway and Van Dan Enterprises, Inc.

   The conference occurred through a phone conversation on August 27, 2020 and a follow-up exchange of correspondence.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Not applicable.

3. **Specify the allegation of federal jurisdiction.**

   Federal question jurisdiction (28 U.S.C. § 1331).

   Plaintiff alleges gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), codified as 28 U.S.C. § 2000, *et. seq*. Plaintiff's First Amended Complaint, paras 45-53. Plaintiff also alleges retaliation under Title VII. Plaintiff's First Amended Complaint, paras. 54-59.

4. **Name the parties who disagree and the reasons.**

   Defendants do not disagree but reserve the right to raise any jurisdictional defects of which they become aware during the development of this case.

**5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Neither Plaintiff nor Defendants anticipate any additional parties that should be included.

**6.     List anticipated interventions.**

Neither Plaintiff nor Defendants anticipate any interventions.

**7.     Describe class-action issues.**

Not applicable.

**8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

To-date, neither Plaintiff nor Defendants have made initial disclosures. Both Plaintiff and Defendants will complete initial disclosures on or before September 17, 2020.

**9.     Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

The subjects on which discovery may be needed are focused on Plaintiff's employment with GHS from approximately August through December 2016, including her alleged harassment; GHS's actions in response to Plaintiff informing it of her alleged harassment; any complaints she may have made; and the reasons for, and circumstances surrounding, her separation from GHS.

For electronically stored information, production in the form of a PDF file will be presumed acceptable unless otherwise specified in writing by the requesting party.

The parties will address privilege issues on an as-needed basis.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendants by the discovery deadline.

**C.     When and to whom the defendants anticipate it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiff by October 15, 2020.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of necessary fact and expert witnesses by the discovery deadline.

E. **Of whom and by when the defendants anticipate taking oral depositions.**

Defendants anticipate taking the oral deposition of Melissa Helm, and any other appropriate witnesses that arise during discovery in this case. Defendants anticipate taking deposition(s) after written discovery, but before the discovery cut-off date.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates being able to designate experts by January 31, 2021.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking depositions of experts designated by Defendants by the discovery deadline.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants will designate experts and provide reports within sixty days following designation by Plaintiff. It is anticipated that Defendants will take depositions of Plaintiff's designated experts prior to the scheduled discovery cut-off date.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Not applicable.

12. **State the date the planned discovery can reasonably be completed.**

The parties anticipate that discovery can be completed by April 30, 2021.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff and Defendants have discussed the possibility of settlement of the case and will continue such discussions as discovery continues.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Mediation may eventually be an effective means of resolution. Plaintiff and Defendants agree to revisit that possibility after discovery has been exchanged.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable suitable.**

    Mediation may eventually be an effective means of resolution. Plaintiff and Defendants agree to revisit that possibility after discovery has been exchanged.

16. **Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff and Defendants do not consent to trial before the magistrate judge at this time.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff has requested that the case be tried before a jury.

18. **Specify the number of hours it will likely take to present the evidence in this case.**

    The parties estimate the number of hours required to present evidence in this case to be approximately 16 to 20 hours may be needed for the presentation of evidence in this case. Plaintiff and Defendants reserve the right to amend this estimate later in the discovery process.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Not applicable.

20. **List other motions pending.**

    Not applicable.

21. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    No peculiar matters at the present time.

**22.**     **List the names, bar numbers, addresses, telephone numbers of all counsel.**

| | |
|---|---|
| DAVID J. QUAN<br>Law Office of David J. Quan<br>Texas Bar No. 16422300<br>5444 Westheimer Road, #1750<br>Houston, Texas 77056<br>Phone: (713) 225-5300<br>Fax: (713) 625-9222<br>dquan@davidquanlaw.com<br>***Attorney for Defendants Greater Houston Subway and New Van Dan Enterprises, Inc.*** | NASIM AHMAD<br>The Ahmad Law Firm<br>Texas Bar No. 24014186<br>719 Sawdust, Suite 330<br>The Woodlands, Texas 77380<br>Telephone: (713) 254-3761<br>Facsimile: (281) 864-4379<br>Nasim931@gmail.com<br>***Attorney for Plaintiff Melissa Helm*** |

 /s/ *David J. Quan*                                            Date: August 27, 2020
DAVID J. QUAN
Counsel for Defendants

 /s/ *Nasim Ahmad* (by consent)                       Date: August 27, 2020
NASIM AHMAD
Counsel for Plaintiff